**James Louis BOYD, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 81–1140**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1981.

---

James Louis Boyd, pro se.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

James Louis Boyd appeals from the district court's dismissal of his petition for a writ of habeas corpus. On appeal, Boyd asserts that he was denied the right to effective assistance of counsel because his trial attorney failed to call an alibi witness who would have supported his alibi defense.[1] We agree with the district court that Boyd is not entitled to relief.

On October 2, 1975, Boyd and four accomplices entered the Robert Hall clothing store on Greenville Avenue in Dallas, Texas, shortly after 6:00 p. m. Boyd demanded that Robert Kane, the store manager, hand over all the money in the store. Although Kane offered no resistance to Boyd's demand and gave Boyd the money in the cash register and safe, Boyd kicked and punched Kane during the course of the robbery, and, apparently dissatisfied with what he described as "chicken feed," pistol whipped Kane both before and after Boyd forced

Kane to lie face down on the floor, knocking him unconscious. All the participants exited the store but were apprehended shortly thereafter.

At trial in Texas state court, Boyd relied upon an alibi defense but was convicted of aggravated robbery. The Texas Court of Criminal Appeals affirmed his conviction on direct appeal, *Boyd v. State*, 569 S.W.2d 913 (1978) (mem.), and subsequently denied two petitions for post-conviction relief. He complains that his trial counsel rendered ineffective assistance because he failed to call a witness, John T. Jones, who would have supported Boyd's alibi defense.

The sixth amendment guarantee of the right to counsel requires "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *adopted on rehearing en banc*, 289 F.2d 928 (5th Cir.), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961) (emphasis in panel decision); *Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981). Application of this standard to the facts of an individual case involves an inquiry as to whether counsel's actual performance, considered in light of the totality of circumstances in the case, was seriously inadequate and whether counsel's inadequacy prejudiced the fairness of his client's trial. *Washington v. Watkins, supra*, 655 F.2d at 1356, 1359 n. 23, 1360–64; *Washington v. Estelle*, 648 F.2d 276, 279 (5th Cir. 1981); *Nelson v. Estelle*, 642 F.2d 903, 906 (5th Cir. 1981). Each inquiry is distinct from the other, *Washington v. Watkins, supra*, 655 F.2d at 1359 n. 23, and petitioner bears the burden of demonstrating both an identifiable lapse on the part of his trial counsel and some actual, adverse

---

[1] In his federal habeas petition, Boyd also alleged that (1) the trial court's failure to secure the attendance of a defense witness after the witness had been subpoenaed by the defense violated his sixth amendment right to compulsory process, and (2) the admission of several items of evidence violated his fourth amendment rights. Boyd has not pursued either of these issues on appeal as separate grounds for relief and so has abandoned them in that regard. *Battie v. Estelle*, 655 F.2d 692, 694 n. 1 (5th Cir. 1981). Insofar as Boyd relies on these claims as part of his sixth amendment argument, they do not add to his sixth amendment claim. On appeal, Boyd has also claimed that the district court erred in denying him an evidentiary hearing on the allegations in his petition but Boyd's allegations did not raise any disputed questions of material fact requiring a hearing. *See* note 2 *infra*.

impact upon the fairness of his trial resulting from that lapse. *Washington v. Watkins, supra,* 655 F.2d at 1359 n. 23, 1360. Absent sufficient factual proof on both scores, a petitioner can not prevail. We do not believe that Boyd can satisfy either part of this test.

■■■ "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978). *See also Washington v. Watkins, supra,* 655 F.2d at 1363–64. It does not appear that Boyd's trial counsel could properly be blamed for failing to call Jones as an alibi witness. Boyd has asserted that Jones would have testified that Boyd was not a participant in the robbery but has not offered any facts to support his claim that Jones would have offered such testimony, and his allegations in this regard are both conclusory and contradictory.[2] Moreover, Boyd has not offered any facts to support his allegation that Jones would have testified at all even if called, a proposition that is highly unlikely in light of the fact that Jones was charged with participating in the same robbery at issue in Boyd's case but was not convicted until after Boyd's trial. *See Jones v. State,* 565 S.W.2d 934 (Tex.Cr.App. 1978). Based upon our analysis of the record, it appears that Boyd's attorney did not call Jones because he did not believe that Jones would have provided testimony buttressing an alibi defense. *See Baldwin v. Blackburn,* 653 F.2d 942, 947 (5th Cir. 1981). "Defense counsel are not required to close their eyes to the obvious and search for alibis for defendants who would like the assistance of counsel in the fabrication of a defense, for that would be a violation of the ethical standards of the legal profession." *United States v. Decoster,* 199 U.S.App.D.C. 359, 403, 624 F.2d 196, 240 (D.C.Cir.1979) (en banc) (MacKinnon, J., concurring), *cert. denied,* 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 311 (1980). *See id.* at 244 (MacKinnon, J., concurring). In addition, Boyd was positively identified as a perpetrator of the October 2 robbery by two witnesses, including Kane, as well as by one of his accomplices who testified for the state, Evelyn Clewis. Therefore, Boyd has not proven any fundamental unfairness in his trial necessary to establish prejudice. *Washington v. Watkins, supra,* 655 F.2d at 1359 n. 23, 1360. Accordingly, because it does not appear that Boyd has shown either a serious default by his trial counsel or any prejudice to the fairness of his trial resulting from this default, his sixth amendment claim is rejected.

The judgment of the district court is AFFIRMED.

---

2. In his petition, Boyd alleges that Jones would have testified that (1) neither Jones nor Boyd was present at the robbery, and (2) Jones did not have any contact with Boyd after 3:00 p. m. on October 2 and were not together during the time the robbery was committed. Record on Appeal at 7. The validity of Boyd's first allegation is not only belied by Jones' conviction for participating in the robbery, *Jones v. State,* 565 S.W.2d 934 (Tex.Cr.App.1978), but it is also contradicted by Boyd's second allegation: if Jones did not see Boyd at the time of the robbery, Jones could not have testified that Boyd did not rob the Robert Hall store. Boyd's second allegation also does not help him because, even assuming that it is true, a difficult feat when juxtaposed with his first allegation, it does not offer any support for an alibi defense because Jones could not have placed Boyd somewhere other than the Robert Hall store at the time of the robbery if Jones' last contact with petitioner took place three hours beforehand. In short, Boyd's allegations are either mutually inconsistent or utterly irrelevant.