UNITED STATES of America,
Plaintiff-Appellee

v.

James COCKRELL, Defendant-Appellant.

No. 82–1625.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1983.

Rehearing and Rehearing En Banc
Denied Jan. 19, 1984.

Jackson & Jackson, Gary D. Jackson, Gloria A. Jackson, Dallas, Tex., for defendant-appellant.

John Mitchell Nevins, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GARZA, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge.

Petitioner, James Cockrell, was convicted in the United States District Court for the Northern District of Texas of conspiracy to defraud in violation of 18 U.S.C. § 371 and fifteen substantive offenses committed in furtherance of the conspiracy, consisting of mail fraud, wire fraud, and interstate transportation of checks taken by fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 2314. This Court affirmed that conviction on appeal. *See United States v. Becker,* 569 F.2d

951 (5th Cir.), *cert. denied,* 439 U.S. 865, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978). Cockrell now petitions for relief in the nature of habeas corpus under 28 U.S.C. § 2255. The district court denied relief, and we affirm.

## I. FACTS

The evidence adduced at trial showed that Cockrell and four other alleged co-conspirators engaged in a complex scheme to induce investments in the form of silver options, refining contracts, loan advance fees, and loans to facilitate the profitable mining of silver and other precious metals from low-grade graphitic schist ore. Cockrell's participation in the scheme involved meetings with potential investors and a demonstration of the "secret Henderson process"—reputedly designed to extract from ore exceptionally high amounts of silver at low cost. Cockrell also produced a written report at the demonstration verifying the recovery obtained as 980 ounces of silver per ton of ore. The report did not mention that the recovery was five times higher than any level Cockrell had ever previously achieved. The government contended that the ore was of little value and that the co-conspirators knowingly misrepresented the potential yield from the ore in order to deceive potential investors.

Cockrell's connection with the conspiracy was further bolstered by the government's proof that he had worked as a consultant and processor for fellow conspirator David McCord at an extracting and refining plant near Waxahachie, Texas. The government contended that Cockrell was willing to forego a set fee in exchange for access to the plant building in Waxahachie plus irregular payments and reimbursements amounting to approximately $8,000. Cockrell, therefore, had a financial stake in the success of the fraudulent scheme. Cockrell maintained that he had no knowledge of any fraud or conspiracy and that his part was limited to the demonstration of the Henderson process to an unidentified audience for the sum of $100.

Cockrell was represented by appointed counsel, Edith James. He received a fifteen year sentence, and served five years before obtaining parole. Subsequent to his conviction and appeal, Cockrell filed a motion under 28 U.S.C. § 2255, asking the court to vacate his sentence on the ground that he was denied effective assistance of counsel. The district court referred the case to a magistrate. The magistrate conducted a full evidentiary hearing and outlined the following grounds as the basis for Cockrell's claim:

(1) counsel failed to conduct adequate consultation with Cockrell prior to and during the trial and upon the appeal of the conviction;

(2) counsel failed to investigate adequately the facts of the case, failed to research adequately the applicable law, and failed to prepare adequately for trial and for appeal;

(3) counsel failed to consult with or to call any of the petitioner's potential fact and character witnesses;

(4) counsel failed to call attention to petitioner's impressive military record; and

(5) counsel was guilty of conduct which embarrassed the petitioner and rendered his trial unfair.

The magistrate found grounds 1, 2, 4 and 5 to be without merit. He recommended, however, that § 2255 relief be granted based on trial counsel's failure to locate and call two witnesses. The district court declined to accept the magistrate's recommendation and ordered that no relief be granted under § 2255. Cockrell appeals from that order.

## II. STANDARD OF REVIEW

We must decide whether petitioner has been deprived of his constitutional right under the Sixth Amendment to the effective assistance of counsel. The constitutional requirement does not demand error-less counsel, but rather "counsel reasonably likely to render and rendering reasonably effective assistance, given the totality of the circumstances." *Hayes v. Maggio,* 699 F.2d 198, 201 (5th Cir.1983); *Washington v.*

*Strickland,* 693 F.2d 1243, 1250 (5th Cir. 1982) (en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983); *Washington v. Watkins,* 655 F.2d 1346, 1356 (5th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982). A habeas petitioner claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse." *Boyd v. Estelle,* 661 F.2d 388, 389–90 (5th Cir. 1981); *Washington v. Strickland, supra,* 693 F.2d at 1250, 1258. As indicated, individual lapses of trial counsel are not sufficient to constitute ineffective assistance of counsel if, when considering the totality of the circumstances in the record, counsel's inadequacy did not fundamentally prejudice the petitioner's right to a fair trial. *Ibid. See also Nelson v. Estelle,* 642 F.2d 903, 907–08 (5th Cir.1981).

■ We are required to make an independent review of the district court's ultimate conclusion that counsel has been effective because this conclusion requires a decision as to whether or not there is a constitutional violation. But as to the facts upon which that conclusion is to be based, we accept the district court's findings of fact unless clearly erroneous. *Bell v. Watkins,* 692 F.2d 999, 1008 (5th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983); *Washington v. Watkins, supra,* 655 F.2d at 1354. Consequently, the district court's determinations of whether counsel's actions were strategic and reasonable are questions of fact that should govern unless they are clearly erroneous. *Washington v. Strickland, supra,* 693 F.2d at 1256 n. 23, 1257 n. 24.

### III. CLAIMS ONE, TWO, FOUR AND FIVE

■ Applying the well-established principles to this case, we find no error in the district court's acceptance of the magistrate's conclusion that claims 1, 2, 4 and 5, as set out *supra,* are not supported by the record. As to the claims of inadequate consultation and preparation, the district court found that James devoted approximately 190 hours to the preparation and trial of the case. Seventeen of these hours were spent conferring with Cockrell personally. The record indicates that during the course of her representation of Cockrell, James accumulated a massive amount of cases and other legal research, creating a file described as being three or four inches thick. The record is also replete with numerous pretrial motions filed on Cockrell's behalf. A motion for bond reduction successfully eliminated a cash bond, and Cockrell was released on personal recognizance. In addition, the district court noted that Cockrell admitted in the evidentiary hearing that James' work had been "very diligent."

Cockrell's claim that his military record was not properly brought to light is also unfounded. James elicited from Cockrell at trial that he had served in World War II, had attained the rank of captain, and had been a German prisoner of war. Any claim that further amplification would have substantially aided Cockrell's case is totally speculative and thus does not merit relief. *See Baldwin v. Blackburn,* 653 F.2d 942, 947 (5th Cir.1981), *cert. denied,* 456 U.S. 950, 102 S.Ct. 2021, 72 L.Ed.2d 475 (1982) (courts considering habeas petitions are not required to accept blindly speculative claims).

Cockrell also complains that minutes before he was to testify, James sent him to her car to retrieve some documents relating to his impending testimony. Cockrell argues that as a result of this unexpected errand, he appeared red-faced, out of breath, and angry before the jury so much so that his appearance prejudiced his case. We agree with the district court that this claim is "wholly unsubstantial." The record shows that Cockrell was sent on the errand during a 25 minute recess, that he responded extensively to questions asked, and that he did not request a drink of water until after approximately nine pages of testimony. More important, Cockrell made no showing as to how his testimony would

have been altered or supplemented if he had not been sent on the errand.

## IV. CLAIM THREE—FAILURE TO CALL WITNESSES

■ The claim which caused the magistrate to recommend granting § 2255 relief is based on his assertion that James failed to call essential fact witnesses, Micky Cox and Harvey Stowers.

Petitioner contends that Cox would have testified that petitioner had advised him against investing in the Henderson process. Petitioner argues that by this testimony, he could have shown that he had advised a potential investor against investing because of the speculative nature of the process. Such evidence in turn would support his contention that he did not know that other persons were being swindled by McCord and the other co-conspirators. The record shows that Cox was served with a subpoena four days before he was to appear to testify. Although he talked to Cockrell after receiving the subpoena, he never gave any indication to Cockrell or James that he would not appear. Cox failed to appear on the day of trial, but left a note for James to call him.

Cockrell concedes that James attempted without success to locate Cox that day. Although a motion for continuance or a writ of attachment could have been requested to secure Cox's appearance, Judge Hill noted that it was unlikely that either request would have been granted since Cox could not be found. Of greater importance is the showing in the record that Cockrell waived Cox's presence in open court and informed the court that Cox's testimony would not be necessary. We agree with the district court's conclusion that James took reasonable steps to secure the presence of Cox. As Judge Hill noted, "James cannot be faulted for the default of an errant witness."

■ Equally important is the fact that Cockrell has failed to satisfy the requirement of a showing of prejudice resulting from Cox's absence. This Court has emphasized that "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir.1978). *See also Boyd v. Estelle, supra,* 661 F.2d at 390; *Washington v. Watkins, supra,* 655 F.2d at 1363–64. Cox has never appeared in any proceeding involving Cockrell, nor has Cockrell produced an affidavit from Cox suggesting the content of his projected testimony. In similar circumstances, this Court has viewed with great caution claims of ineffective assistance of counsel when the only evidence of a missing witness's testimony is from the defendant. *See, e.g., United States v. Guerra,* 628 F.2d 410, 413 (5th Cir.1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981) ("None of the alleged witnesses were called at the § 2255 hearing and no one knows what they would have testified to. All we have is what Guerra says they would have said.").

Cockrell's own speculations as to what Cox might have been able to contribute through his testimony are insufficient to establish a prima facie showing that Cox's testimony would have substantially altered the outcome of the trial. It bears noting that Cockrell's contention concerning Cox's testimony rests on intrinsically shaky ground. Since Cockrell claims he was dissuading Cox from investing in the Henderson process, the question might well have arisen in the jurors' minds as to why Cockrell had not also given the same advice to other potential investors at the demonstration or why he had not included such disclaimers in his written report. The strong inference could be that Cockrell intended to aid in defrauding investors at the Henderson process demonstration.

■ We turn our attention to the proposed Stowers testimony. Stowers' affidavit reflects that he would have testified that he had installed and worked on machinery and equipment for petitioner for use at the Waxahachie plant and that petitioner had paid him for parts and labor.

Cockrell argues that this testimony would have tended to corroborate his claim that the money he received from David McCord was not for his own use and benefit but was for the purpose of paying for services and equipment at the Waxahachie plant. We initially note that James testified that Cockrell failed to supply her with information on Stowers' whereabouts and that her own attempts to locate him were futile. Although James submitted a request to have Stowers subpoenaed, she subsequently withdrew this request because she decided to use Cockrell's limited number of government-funded subpoenaes on those individuals whose testimony she believed was more important.[1]

James had decided that Stowers' testimony would have simply been cumulative to the testimony she anticipated obtaining from McCord and Cockrell to explain the purpose of the checks McCord issued to Cockrell. The district court's finding that this was an informed tactical choice cannot be overturned since it is not clearly erroneous. *Washington v. Strickland, supra,* 693 F.2d at 1257 n. 24. Moreover, such a tactical choice cannot be the basis for habeas corpus relief simply because in hindsight it appears mistaken. *Baldwin v. Blackburn, supra,* 653 F.2d at 946.

■ Even if James was unreasonably mistaken in her estimation of the supposed scope of Stowers' testimony, Cockrell failed to show that his case was substantially prejudiced by Stowers' absence. The record shows that both Cockrell and McCord laboriously explained the source and purpose of each check Cockrell received. Further, the district court noted that any possible benefit of Stowers' testimony "would have been undermined by his own statement that when cash flow faltered, he and Cockrell renegotiated his compensation plan with the assurance that Stowers would share a portion of Cockrell's eventual gain from the project." The district court reasoned that

"[t]his supports, rather than weakens, the government's sought after inference that Cockrell expected to realize a share in the fruits of the fraud and that he was willing to make initial sacrifices disproportionate to any profit sharing arrangement for the legitimate sales of silver." We agree with this assessment.

■ Finally, we agree with the district court's conclusion that James' decision not to call other fact and character witnesses does not rise to the level of constitutionally ineffective assistance of counsel. James testified that she was unable to contact most of the witnesses mentioned by Cockrell due to a lack of information as to where they could be located. In *Lovett v. State of Florida,* 627 F.2d 706, 708 (5th Cir.1980), we concluded that counsel is "not required to pursue every path until it bears fruit or until all conceivable hope withers." Further, as we noted in *Gray v. Lucas,* 677 F.2d 1086, 1093 n. 5, (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1886, 76 L.Ed.2d 815 (1983), while a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance. In *Gray* we also recognized that character witnesses, unlike eyewitnesses, usually are not crucial. Counsel's failure to call character witnesses does not mandate a finding of ineffective assistance of counsel. *Id.* at 1094.

The record shows that James is an experienced criminal defense attorney who had handled more than 200 criminal cases prior to representing Cockrell. As the district court noted, she devoted many hours to researching the law and other documents relating to the case and consulting personally with Cockrell. Cockrell in fact admitted that he had no trouble contacting James to consult with her regarding his case. The

---

1. James received permission to issue three subpoenas at the government's expense. Two were used. Neither of the two witnesses subpoenaed appeared at trial. The third subpoena was apparently returned unserved, but James was able to obtain testimony similar to what she expected to obtain from this third witness by cross examining a witness who was from the same company.

record indicates that she even attempted to visit, at her own expense, the mining site in Llano, Texas. It is clear that she had developed a defensive strategy. Even though this strategy was unsuccessful, a strategy is not proved wrong because, if as is the usual circumstance, a guilty person is convicted. We have repeatedly stated that a counsel should not be judged ineffective by hindsight. *Herring v. Estelle,* 491 F.2d 125, 127 (5th Cir.1974). We conclude, based on the totality of these circumstances, that Cockrell was not deprived of his constitutional right to adequate counsel in this case. The petition for § 2255 relief was properly denied.

AFFIRMED.