**Billy Don JACKSON,
Petitioner-Appellant,**

v.

**Dan V. McKASKLE, Acting Director,
Texas Department of Corrections,
Respondent-Appellee.**

No. 83–1399
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 12, 1984.

Stephen Heymann (court-appointed), Dallas, Tex., for petitioner-appellant.

Steven A. Gibbins, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this 28 U.S.C. § 2254 challenge to a state conviction, Jackson argues, among other things, that he was denied effective assistance of counsel because his trial counsel failed to call a certain witness to testify on his behalf. Since the merit of Jackson's claim cannot fully be adjudged on the record before this Court, and since his claim is not frivolous on its face, we remand to the District Court with instructions.

Jackson is now serving a 25 year sentence for a May 15, 1973 robbery with a firearm. His first state trial (at which he pleaded not guilty) ended on August 2, 1974 with an apparent conviction. On polling the jury, however, one juror expressed doubts about Jackson's guilt. The jury then redeliberated, and, after several hours, the trial court granted a defense motion for a mistrial. Jackson was retried and ultimately convicted on September 12, 1974. At both of these trials, he was represented by the same retained counsel, William R. Magnussen. With new, appointed

358

counsel, Jackson appealed his conviction, which was eventually affirmed. *Jackson v. State*, 536 S.W.2d 371 (Tex.Cr.App.1976).

After exhausting his state remedies through repeated habeas appeals, Jackson brought this petition in federal court based on several asserted errors in his state trial. The District Court denied the petition without further hearing, relying on the report and recommendation of a U.S. Magistrate. A review of Jackson's contentions and the record on appeal makes it evident that the District Court's summary rejection was plainly proper as to all but one of the petitioner's claims.

The record on appeal contains no transcript of the first trial (which ended in a hung jury). Nevertheless, the record does show that at this trial defense counsel Magnussen called a witness identified only as Mr. Mims to testify in Jackson's defense. That witness stated to the jury that he had been with Jackson on the evening of May 15, 1973 at about the time of the robbery. During their deliberations, the jury specifically requested and was given that portion of Mims' testimony.[1] Subsequently, as we have said, the jury was unable to reach a verdict, and a mistrial was granted.

Mims did not testify at Jackson's second trial, which ended in his conviction for robbery. The transcript of this trial (which is in the record) shows that the State relied almost entirely on the testimony of the victim of the robbery—Zacarias Jiminez, an illegal alien. Magnussen sought to impeach Jiminez' credibility, so as to create a doubt about his identification of the defendant and, thus, Jackson's guilt. (Jackson himself did not testify.) The strategy obviously failed.

Jackson argues that Mims' testimony was crucial to the earlier mistrial, and that Magnussen's failure to call Mims seriously damaged his defense at the second trial. He contends that the content and relevance of Mims' testimony was in no way speculative, but was in fact quite predictable, due to his earlier August testimony. Thus, he concludes, not calling this central alibi witness to testify at the second trial denied him his constitutionally protected right to effective assistance of counsel. Jackson's argument is persuasive.

This Court recently synthesized the well-established standards of habeas review for ineffective assistance of counsel:

> The constitutional requirement [under the Sixth Amendment of effective assistance of counsel] does not demand errorless counsel, but rather 'counsel reasonably likely to render and rendering reasonably effective assistance, given the totality of the circumstances.' A habeas petitioner claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence 'both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse.' As indicated, individual lapses of trial counsel are not sufficient to constitute ineffective assistance of counsel if, when considering the totality of the circumstances in the record, counsel's inadequacy did not fundamentally prejudice the petitioner's right to a fair trial.

> We are required to make an independent review of the district court's ultimate conclusion that counsel has been effective because this conclusion requires a decision as to whether or not there is a constitutional violation. But as to the facts upon which that conclusion is to be based, we accept the district court's findings of fact unless clearly erroneous. Consequently, the district court's determinations of whether counsel's actions were strategic and reasonable are questions of fact that should govern unless they are clearly erroneous.

---

1. The record before the Court contains only that excerpted portion of Mims' testimony. Consequently, it is not altogether clear that it was Jackson whom Mims was referring to in his testimony, or that Mims was in fact a witness called by the defense. However, the parties and Court below seem to accept those facts, and we assume such was the case.

*United States v. Cockrell*, 720 F.2d 1423, 1425–26 (5th Cir.1983) (citations omitted).

In *Cockrell* we also dealt with a claim that defense counsel was constitutionally ineffective for failing to call two certain fact witnesses. We rejected the contention as to one of the uncalled witnesses because the habeas petitioner had failed to satisfy the requirement of a showing of prejudice resulting from the absence of that witness. "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative." *Id.* at 1427, *quoting Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). That particular witness had never appeared in any proceeding involving Cockrell, nor had Cockrell produced an affidavit from that witness suggesting the content of his projected testimony. The other witness, although his expected testimony was set forth in an affidavit, was not called due to the admitted tactical decision of Cockrell's trial counsel that the testimony would be merely cumulative and that one of the defendant's three government-funded subpoenaes was better saved for a more helpful witness. We refrained from a hindsighted review of that decision, and reiterated that informed tactical choices by trial counsel cannot support habeas corpus relief simply because they may later appear wrong. *Id.* at 1427–28.

■ Magnussen's failure to call Mims as an alibi witness at the second trial, however, may—and we emphasize the may—be quite different. The content of Mims' testimony seems to be as foreseeable as may practically be possible: he testified in an identical proceeding on Jackson's behalf only a few weeks earlier. It is unlikely (if not impossible) that this testimony was cumulative, since no alibi witness testified for the defense in the second trial. Most important, though, is that Mims' statements in the first trial could arguably have been a substantial cause of the sole doubting juror at that trial. If that is so, the decision to omit that testimony in the trial which ended with Jackson's conviction may have been so wrong, and so material, as to deprive the proceeding of fundamental fairness, despite Magnussen's otherwise overall competent representation.

The District Court and Magistrate below considered Magnussen's decision to have been a tactical one, immune from collateral review. As we stated above, that finding prevails unless clearly erroneous. Here, we are presented with no evidence on which to determine the basis for that characterization. On the contrary, the evidence in the record on appeal—which seems to be conceded by all—yields not the slightest hint of a strategic purpose behind the failure to call Mims to testify. Rather, the record supports the inference that Mims' testimony may well have been the determinative difference between the varying outcomes of the first and second trials.

■ Accordingly, we must vacate the District Court's denial of Jackson's petition as to this issue and remand that claim to the District Court. Apparently, a transcript of the proceedings that resulted in the mistrial has never been made. However, if one can be obtained, we so direct. It may provide a basis for Magnussen's failure to call Mims to testify at the second trial. If it cannot be obtained, or if the transcript gives no such basis, additional evidentiary hearings may be required. This would include testimony (or suitable affidavits) from Magnussen. Finally, as to Jackson's other contentions, we affirm the District Court's action.[2]

2. We briefly summarize our reasons for rejecting Jackson's remaining arguments:

1. The discrepancies between the indictment and the affidavit supporting the arrest warrant for Jackson are *de minimus* and deprived him of no constitutional right.

2. The asserted deficiencies in the affidavit supporting the arrest warrant are of no consequence as Jackson was in no way prejudiced at trial by the resulting arrest. Moreover, such a claim is barred under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

3. Magnussen's representation was not constitutionally ineffective otherwise. Jackson has alleged no actual, adverse impact upon the fairness of his trial resulting from the failure to file

**360**

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

a motion for a change of venue. The failure to cross-examine Mrs. Tilley specifically about the lighting was constitutionally harmless, since she admitted her view was limited and did not identify Jackson as the person she saw that night. Furthermore, her testimony was plainly collateral to that of Jiminez. The failure to object to blacks being excluded from the jury in the second trial does not alone warrant habeas relief. *See Swain v. Alabama,* 380 U.S. 202, 221–28, 85 S.Ct. 824, 836–40, 13 L.Ed.2d 759 (1965); *United States v. Jones,* 663 F.2d 567, 572 (5th Cir.1981). Finally, there was no error in failing to move to quash the constitutionally valid indictment.

4. That one of Jackson's state habeas appeals was heard by state district judge Marvin Collins, who earlier (when still an attorney) had written Jackson's brief for his direct state criminal appeal, while it may be improper, in no way affects the validity of Jackson's current incarceration.