UNITED STATES of America

v.

Geryle Eugene PETERSON.

Cr. No. L–92–236.
Civ. A. No. L–94–171.

United States District Court,
S.D. Texas,
Laredo Division.

Feb. 28, 1995.

Ruben Garcia, Laredo, TX, and Keith E. Golden, Golden & Meizlish, Columbus, OH, for Geryle Eugene Peterson.

Jose A. Flores, U.S. Attys. Office, Laredo, TX, for U.S.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is this Defendant's motion under 28 U.S.C. § 2255. On November 25, 1992, this Defendant was found guilty by a jury on Count Two of an indictment, charging possession with intent to distribute approximately 1,676 pounds of marihuana. He was sentenced on February 4, 1993 to 97 months' confinement. The conviction was affirmed on appeal in Cause No. 93–7115, in an unpublished opinion filed January 6, 1994. Defendant now claims ineffective assistance of counsel, both at the trial and at the sentencing.

On December 22, 1994, the Government answered with a motion for summary judgment. The Court agrees that summary judgment is appropriate, basically for the reasons outlined in the Government's motion. No useful purpose would be served by repeating all the reasons and authorities cited in the Government's brief, but the Court will add a few observations in this memorandum. This was a case where the Defendant, driving his own commercial tractor-trailer, was arrested at a Border Patrol checkpoint undisputedly in possession of 1,676 pounds of marihuana. Subsequent to his arrest, the Defendant told DEA agents that he had been paid $3,000.00 toward a total fee of $5,000.00 to drive a load from Laredo to San Antonio, Texas, a distance of 150 miles. He was supposedly told to leave his trailer unlocked and unattended in Laredo the night before. The next day, before departing, he saw bundles which he "figured" were marihuana. In his trial testimony he added a new circumstance, namely that the woman who hired him advised he would be killed if he did not agree to take the load and that he felt intimidated. He testified that he never told this to the agents at the time of arrest because he was never asked.

Against this background, Defendant now faults his trial counsel for failing to call several witnesses who would presumably discuss why this Defendant was carrying some $34,500.00 cash packaged neatly in a cardboard box in denominations of $20, $50, and $100. As the Government correctly observes, this testimony would have been cumulative. Moreover, as the Government also observes, Defendant was not charged with a currency violation. Further, the Government was not necessarily claiming that the Defendant was paid $34,500.00 to transport this load. According to the Defendant, only $3,000.00 of the money was for that purpose. The point is that the Defendant never denied that he was being paid money to transport the load. His position, albeit somewhat inconsistent, was that he did not know the nature of the load and that anyway he was coerced to do it. The putative witnesses would have had nothing to say about these issues.

Defendant also complains of the failure to call character witnesses. One character witness was called. Calling a few more under this fact situation would not likely

have impacted the result of the trial. *See United States v. Cockrell,* 720 F.2d 1423, 1428 (5th Cir.1983).

Defendant also makes a conclusory allegation that defense counsel failed to file pretrial motions such as discovery, suppression of evidence, or dismissal of charges. Defendant does not furnish even a clue as to what would have been the basis for a dismissal of the charges. With respect to discovery, the Government correctly notes that this Court has consistently maintained an open file policy in this Division, making routine boilerplate discovery motions unnecessary and inappropriate. Defendant does not state what his counsel would have discovered by motion that he did not already know. There is similarly nothing to support the claim with respect to a motion to suppress. It is clear from this record that no motion to suppress would have been successful.

Because of the weight of the marihuana, this Defendant had a base offense of 30 under the guidelines, resulting in a sentence of 97–121 months. Defendant now faults his attorney for only asking for the low end of the guideline range. He contends that counsel should have made several other arguments, none of which has the slightest merit. Defendant first contends that upon request, this Court would have granted a mitigating adjustment under Guideline § 3B1.2. The Court categorically assures that no such adjustment would have been made. The Introductory Commentary to the role adjustments indicates that § 3B1.2 applies when an offense "is committed by more than one participant." No credible evidence was before the Court with respect to the role of any participant other than this Defendant. Admittedly he told a story of mysterious persons who, for no apparent reason, singled him out to offer him either money for hauling a load or death if he refused. Parenthetically, one would think that the Defendant would have leaped at the chance to disclose this circumstance to the Border Patrol agents when stopped at the checkpoint, yet he failed to do so. While the Court can assume that large-scale marihuana transactions probably involve many people, the Court is not willing to conclude that an individual who knowingly and willfully transports almost a ton of marihuana for at least 150 miles is a minor or minimal participant in the crime.

Defendant also maintains that his attorney "missed a very crucial argument," namely that Defendant should be held reasonable for a lesser amount of marihuana because it is "undisputed" that he did not know how much he was carrying. Of course, the only reason that fact is undisputed is because Defendant has consistently claimed ignorance. The guidelines do not require that a defendant know or foresee the total quantity of drugs actually in his possession in order to be sentenced for the full amount. *United States v. de Velasquez,* 28 F.3d 2, 5 (2d Cir.1994). The concept of reasonable foreseeability, used in conspiracy cases, "does not apply to conduct that the defendant personally undertakes." U.S.S.G. § 1B1.3, Application Note 2.

Defendant also claims that his counsel should have moved for downward departure on the ground that defendant's conduct was "aberrant behavior." The Court is confident that a downward departure in this case would have been summarily reversed on appeal. Assuming Defendant was guilty as charged—as found by the jury and upheld on appeal—he participated in an offense involving considerable planning. As noted by the Government, it is not entirely clear that the Fifth Circuit even accepts the notion of "aberrant behavior," but in any event, that court has stated that the concept at best contemplates a spontaneous and seemingly thoughtless act occurring suddenly and without time for reflection. *United States v. Williams,* 974 F.2d 25, 26–27 (5th Cir.1992). That was hardly the case here.

Defense counsel successfully pleaded with the Court for a sentence at the low end of the guideline level, saving his client an additional 24 months' confinement. Defendant refused to accept responsibility, as indeed he apparently continues to do. He was the only known participant in a very large drug transaction. The fact that defense counsel did not say very much at sentencing does not mean that he was incompetent. For that matter, Defendant himself refused to say anything.

In truth, based on the evidence adduced at trial and the verdict of the jury, there was not much left to be said.

The Government's motion for summary judgment is GRANTED and this § 2255 motion shall be DISMISSED.