UNITED STATES of America,
Respondent,

v.

Tony GODWIN, Petitioner.

Bankruptcy Nos. 91–300–CR–
T–17, 95–856–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 28, 1995.

Tony Godwin, Texarkana, TX, pro se.

Jeffrey Downing, Asst. U.S. Atty., Tampa, FL, for U.S.

### ORDER

KOVACHEVICH, District Judge.

This cause comes before the Court on Petitioner's Motion for Modification of Sentence and Motion for Vacation of Conviction Pursuant to 28 U.S.C. § 2255 (Docket No. 505). Respondent has filed a response in opposition to Petitioner's Motion (Docket No. 511). This Court, having reviewed the pleadings, presentencing report, and memoranda submitted by the parties, **denies** Petitioner's Motion for the reasons stated below.

### I. PROCEDURAL HISTORY

On April 6, 1992, Petitioner Tony Godwin pleaded guilty to conspiracy to possess with intent to distribute cocaine base, a violation of 21 U.S.C. § 846. The plea agreement provided, in pertinent part, that Petitioner waived his right to appeal or collaterally attack his sentence, absent abuse by the Court. Petitioner's plea further provided that Petitioner faced a mandatory minimum sentence of ten years' imprisonment, and could receive a sentence up to life imprisonment.

On April 19, 1994, this Court sentenced Petitioner. Petitioner's sentencing guidelines' score placed him at level forty-one; however, the Court departed downward, sentencing Petitioner within offense level thirty-three to 168 months' imprisonment. Upon satisfaction of this time, Petitioner was to be released under supervision. Petitioner did not file a direct appeal.

On June 5, 1995, Petitioner filed the instant Motion, alleging two separate claims for ineffective assistance of counsel: 1) Petitioner states he was denied effective assistance of counsel because his attorney failed to make an adequate pre-trial investigation; and 2) Petitioner states that his attorney failed to present information which would have reduced Petitioner's sentence. Next, Petitioner requests the Court to grant an evidentiary hearing to prove the above claims. Finally, Petitioner requests in the alternative, that this Court "issue an Order vacating his sentence in the instant case, based upon mitigating circumstances." (Docket Nos. 505, 506 at 21).

### II. DISCUSSION

#### (A) Petitioner's request for Vacating Sentence

■ As an initial matter, this Court notes that a Section 2255 federal habeas corpus motion may not be used as a vehicle to raise claims that were not presented on direct appeal. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir.1989) (providing a petitioner must assert a challenge to a sentence on direct appeal or be precluded from raising a challenge in a section 2255 motion), *cert. denied*, 494 U.S. 1018, 110 S.Ct. 1322, 108 L.Ed.2d 498 (1990).

■ This rule will not be relaxed unless: 1) movant shows cause excusing his failure to raise the issues previously, and 2) actual prejudice results from the errors. *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990). *Boschen v. United States*, 845 F.2d 921, 922 (11th Cir. 1988). If the requisite cause and prejudice are not shown, this Court will not review the merits of the appellant's claims even upon a showing of "plain error." *Greene*, 880 F.2d at 1305. Therefore, the error cited must amount to a "fundamental defect" resulting in a "complete miscarriage of justice." *See generally, United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 2086, 60 L.Ed.2d 634 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

■ Petitioner failed to challenge his sentence on direct appeal. Therefore, with the exception of the ineffective assistance of counsel claims, Petitioner must establish cause and prejudice for his failure to timely assert his sentencing claim before this Court will look to its merits.

Here, neither cause or prejudice are alleged by Petitioner. The absence of such claims might arise from Petitioner's waiver of his right to appeal or contest his sentence on any ground. However, built into Petitioner's waiver were certain exceptions (Docket No. 140 at 4). This Court finds that Petitioner's claim does not fall within the stated exceptions, and, consequently, Petitioner lacks the necessary predicate for this Court to examine the merits of this claim.

**(B) Petitioner's Claim of Ineffective Assistance of Counsel**

■ To prevail on an ineffective assistance of counsel claim, a Section 2255 petitioner must satisfy a two pronged test. *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984). First, petitioner must show "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064.[1]

Second, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Such probability is that which is sufficient to question the confidence in the outcome. *Id.* at 694, 104 S.Ct. at 2067.

1. Counsel's Failure to Make Adequate Pre-trial Investigation

a. Reasonableness

■ Petitioner contends that his trial attorney failed to investigate and secure testimony from potential witnesses of which Petitioner informed him, thereby depriving Petitioner of the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. The proper measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064.

■ This Court's inquiry into the adequacy of attorney's performance therefore, must focus on whether the trial attorney's assistance was reasonable considering all the circumstances. *Id.* In determining reasonableness, this Court notes there is a strong presumption that counsel is to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment. *Id.* at 669, 104 S.Ct. at 2055. Furthermore, because of the danger in overzealous hindsight inquiry, this Court must give a heavy measure of deference to counsel's judgments.

■ In deciding an actual claim of ineffectiveness, this Court must judge the reasonableness of the challenged conduct on the facts of this case, "viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2065. In addition, to avoid the proliferation of ineffectiveness challenges, a convicted defendant must identify the acts or omissions of counsel that are challenged as being deficient of reasonable

---

1. The *Strickland* court explained that judicial scrutiny of counsel's performance must be "highly deferential." Thus, every effort must be made to prevent distorting perspectives of hindsight and to evaluate the conduct from counsel's perspective at that time. *Id.* at 669, 104 S.Ct. at 2055.

professional judgment. *Id.* at 690, 104 S.Ct. at 2065. Determining what investigation decisions are reasonable depends critically on this information. For example, when facts tend to support a potential line of defense and such facts are known to counsel because of defendant's statements, the need for further investigation may be non-existent. *Id.* at 691, 104 S.Ct. at 2066.

A substantial amount of Fifth Circuit case law provides "that 'effective counsel conduct a reasonable amount of pretrial investigation.'" *Nealy v. Cabana,* 764 F.2d 1173 (5th Cir.1985) (quoting *Martin v. Maggio,* 711 F.2d 1273, 1280 (5th Cir.1980)); *Kennedy v. Maggio,* 725 F.2d 269, 272 (5th Cir.1984). This case law has recognized that, at a minimum, counsel has the burden of interviewing potential witnesses and to make an independent investigation of facts in the case. *Bell v. Watkins,* 692 F.2d 999, 1009 (5th Cir.1982). This duty is published in the American Bar Association Standards for Criminal Justice, *The Defense Function* § 4–4.11 (2d ed. 1980). These specific allegations temper the degree of deference extended to counsel's performance. *Nealy,* 764 F.2d at 1178.

Petitioner contends that counsel made no attempt to investigate potential witnesses of whom the Petitioner informed him. However, Petitioner has not identified specific omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Such specificity is required to preclude the proliferation of ineffectiveness challenges. As explained in *Strickland,* petitioner must identify the acts or omissions of counsel that are challenged as being deficient of reasonable professional judgment. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2065. Here, Petitioner provides no identifiable facts other than his statement that "counsel failed to investigate potential witnesses of whom Petitioner informed him." (Docket No. 506 at 4).

Petitioner cites *Nealy v. Cabana* as authority for ineffective assistance of counsel. In *Nealy,* however, the court noted the petitioner conformed to the requisite specificity

by "identif[ying] specific omissions of counsel that are alleged not to have been the result of reasonable professional judgement." *Nealy,* 764 F.2d at 1178 (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The *Nealy* court continued in explaining that:

'[d]efense counsel is not required,' we have said, 'to investigate everyone whose name happens to be mentioned by the defendant.'[2] In all of the cases in which this axiom has been applied, however, the court found either that counsel's decision not to investigate was part of a clearly developed defense strategy, or that the defendant could point to no specific evidence that would have been uncovered by a more thorough investigation.

*Nealy,* 764 F.2d at 1178.

Similarly, here Petitioner has not identified specific missing testimony. Petitioner's claim that counsel failed to make the effort to investigate is insufficient to comport with the strong presumption of reasonableness and degree of deference extended to his counsel. Petitioner's claim does not amount to a violation of the Sixth Amendment.

### b. Prejudice

▮▮▮ Even if an error was professionally unreasonable, it will not warrant vacating judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2065. *Cf. United States v. Morrison,* 449 U.S. 361, 364–65, 101 S.Ct. 665, 667–68, 66 L.Ed.2d 564 (1981). The purpose of the Sixth Amendment is to ensure the defendant has adequate assistance to justify reliance on the outcome of his proceeding. *Strickland,* 466 U.S. at 691–92, 104 S.Ct. at 2066–67. Therefore, any inadequate assistance must be prejudicial to the defendant in order to raise a 2255 claim of ineffective assistance.

▮▮▮ It is not enough for Petitioner to show that errors had some conceivable effect on the outcome of the proceeding. Instead, the test for prejudice is that the defendant must show there is a reasonable probability

---

**2.** *Schwander v. Blackburn,* 750 F.2d 494, 500 (5th Cir.1985) (quoting *United States v. Cockrell,* 720 F.2d 1423, 1428 (5th Cir.1983)) *cert. denied,*

467 U.S. 1251, 104 S.Ct. 3534, 82 L.Ed.2d 839 (1984).

that, but for counsel's unprofessional and ineffective assistance, the result would have been different. *Id.* at 694, 104 S.Ct. at 2067. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.*

Petitioner's failure to make the required showing of either deficient performance, or sufficient prejudice, defeats the ineffectiveness claim. In this claim, Petitioner has failed to establish both. Petitioner has provided no information that the justice of his sentence was rendered unreliable by failure of effective representation. Therefore, Petitioner's request for writ of habeas corpus as to his claim of ineffective assistance of counsel at the pretrial stage is denied.

### 2. Counsel Ineffective At Sentencing

Petitioner contends he would have had a sentence reduction had his counsel raised "any" issues at sentencing. Having articulated the general standards for judging ineffectiveness claims above, the Court will apply those standards to the facts of this claim to further illustrate the meaning of these general principles.

Application of these principles is not difficult in this claim. The facts described below make clear that the conduct of Petitioner's counsel at and before Petitioner's sentencing cannot be found unreasonable. The facts also make clear that, even assuming challenged conduct was unreasonable, no showing of sufficient prejudice was brought to warrant setting aside Petitioner's sentence.

### Failure to Review Presentence Report

■ Petitioner cites *United States v. Kovic,* 830 F.2d 680 (7th Cir.) *cert. denied,* 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988) arguing that counsel's duty to examine and review the presentence report with Petitioner was not fulfilled. This contention, however, is not consistent with the record. Here, the Sentencing Transcript discloses that Judge Kovachevich posed the following question to defense counsel and Petitioner: "Mr. Godwin, have you had an opportunity to read and discuss the presentence report with your attorney, Mr. Dillinger?" "Have you [Mr. Dillinger] gone over it with your client?" Both Petitioner and his counsel answered yes, and failed to present any objection. (Docket No. 509 at 2). Next, this Court notes that Petitioner's counsel did raise an objection to the presentence report, which subsequently prompted the Court to correct the error prior to commission of Petitioner's sentencing. (*Id.* at 3).

Further, counsel requested the Judge to "depart downward" to the ten to twelve year range. (*Id.* at 4). Finally, Petitioner's counsel presented lengthy testimony disclosing information of Petitioner's progress toward rehabilitation. (*Id.* at 7). Petitioner's contention that counsel failed to review the presentence report lacks factual merit.

### Minimal Involvement

■ Next, Petitioner argues that counsel was ineffective for not arguing sentencing issues which may have resulted in different sentences. Specifically, Petitioner argues that his counsel was ineffective for failing to raise sentence reduction dispute that Petitioner had minimal involvement in conspiracy. In determining this issue, this Court notes the danger in overzealous hindsight inquiry. In addition, this Court must give a heavy measure of deference to counsel's judgments. *Strickland,* 466 U.S. at 669, 104 S.Ct. at 2055.

Pursuant to U.S.S.G. § 3B1.2 [3], this Court recognizes the general allowance for downward departures for minor role in criminal conspiracy. This Court is not prepared to consider counsel's conduct unreasonable at the sentencing proceeding for the following reasons: First, Petitioner's involvement with the criminal conspiracy is detailed in the presentencing report. The report specifies the minimal involvement of Petitioner from August 1, 1991 to October 21, 1991. The report further provided that, because Petitioner was in custody during this period,

---

**3.** This Court also recognizes that Petitioner could have faced an increased offense level as the record reflects his involvement as a "boss." (Presentence Report at ¶ 37). United States Sentencing Guideline § 3B1.1 requires a district court to increase a defendant's offense level by four points if he was an organizer or leader of a criminal activity involving five or more individuals.

Petitioner is "only responsible for that amount distributed prior to his arrest." (Presentence Report at ¶ 37).

Second, the report was never objected to by Petitioner the Court inquired if Petitioner "had an opportunity to read and discuss the presentence report with [his] attorney." (Docket No. 509 at 2). Instead, Petitioner assented to having read the presentence report, and to having discussed it with his attorney. Third, this Court's reliance upon the information contained in the presentence report is proper as long as the information has some minimum indicia of reliability. *See United States v. Young,* 981 F.2d 180, 185 (5th Cir.1992), *cert. denied sub. nom.* — U.S. ——, 113 S.Ct. 2454, 124 L.Ed.2d 670 (1993); *see also United States v. Query,* 928 F.2d 383, 385 (11th Cir.1991).

Finally, the Findings of Fact of the District Court concerning Petitioner's role in the offense were not clearly erroneous. *See United States v. Clark,* 889 F.2d 1056, 1057 (11th Cir.1989).

Petitioner cites *United States v. Carr,* 979 F.2d 51, 55 (1992) to support his contention for ineffective assistance of counsel. The *Carr* court did not discuss the ineffectiveness issue and, therefore, *Carr* is not factually similar to Petitioner's claim. However, this Court does recognize that *Carr* made an express finding that all defendants were "equally culpable" in their involvement in the criminal conspiracy. Again, the facts here are distinguishable. The record reflects that this Court made an affirmative finding of Petitioner's minimal participant status during his period of incarceration. This finding resulted in a downward departure in the amount of crack cocaine attributed to the defendant. Accordingly, the strong presumption of reasonable effective assistance articulated in *Strickland* 466 U.S. at 669, 104 S.Ct. at 2055, *supra,* cannot be overcome.

### Aberrant Behavior

 Pursuant to U.S.S.G. § 4A1.3, the judge has discretion to depart downward if there exists a likelihood that the defendant will not commit further crimes. Petitioner claims counsel was ineffective by not raising such issue at sentencing proceeding.

Here, Petitioner does not lack a similar criminal background. The record reflects that Petitioner had two prior drug sales immediately before this action in state court. (Docket No. 509 at 6). Although a single act of aberrant behavior may be a mitigating circumstance justifying downward departure from applicable guidelines, *United States v. Fairless,* 975 F.2d 664 (9th Cir.1992), such is not the situation here. Therefore, this Court finds it unnecessary to further discuss this issue.

### Prejudice

 Petitioner has failed to bring any legitimate claims of prejudice. Citing *Gardiner v. United States,* 679 F.Supp. 1143 (D.Me.1988), Petitioner argues his counsel did nothing during his sentencing. This contention has been previously addressed and refuted above. In *United States v. Kovic,* 830 F.2d 680 (1987), the court explained that:

> [the petitioner] must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.

*Id.* at 685 (citing *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982)). Here, Petitioner has failed to show any of the alleged acts created actual prejudice, and, therefore, has failed to make the required showing of deficient performance, or sufficient prejudice, defeating the ineffectiveness claim. Petitioner's sentencing proceeding was not fundamentally unfair.

### (C) Petitioner's Request for Evidentiary Hearing

 Petitioner requests an evidentiary hearing to further prove his grounds for relief under his 28 U.S.C. § 2255 motion. The standard for determining Petitioner's right of an evidentiary hearing is "whether the petitioner's allegations, if proved, would establish the right to" habeas relief. *Birt v. Montgomery,* 725 F.2d 587, 591 (11th Cir.) (en banc), *cert. denied,* 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984). This Court is not required to conduct a hearing if Peti-

tioner's allegations, accepted as true, would not entitle the Petitioner to relief, or are controverted by record, credibility, or conclusions instead of statements of fact. *Dziurgot v. Luther*, 897 F.2d 1222, 1225 (1st Cir.1990). *See Birt v. Montgomery*, 725 F.2d 587 (1984).

Petitioner has not satisfied the threshold prerequisite for obtaining an evidentiary hearing. Petitioner has failed to allege facts that if proved would establish habeas relief. Each claim of relief is controverted by record, or summarily asserted in a conclusion of fact. Further, the record reflects Petitioner's waiver of his right to challenge his sentence. Therefore, this Court denies Petitioner's request for evidentiary hearing. Accordingly, it is

**ORDERED** that Petitioner's Motion for Modification of Sentence and Motion for Vacation of Conviction pursuant to 28 U.S.C. § 2255 is **DENIED.** The Clerk of Court shall enter a final judgment of dismissal.

**DONE and ORDERED.**