# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-41731
Summary Calendar

JAMES ALLEN BRAY, JR

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-214

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

James Allen Bray, Jr., Texas prisoner # 1188442, was convicted by a jury in 2003 of first degree murder and sentenced to 20 years of imprisonment. He appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. Although Bray raised multiple claims in his § 2254 petition, the district court certified the appealability of only one of Bray's claims: "Ineffective assistance of counsel

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

where defense counsel failed to investigate, interview, and call eyewitnesses for trial that would have advanced the defense theory of self defense."

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court." Beazley v. Johnson, 242 F.3d 248, 255 (5th Cir. 2001). In addition, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant habeas relief on questions adjudicated on the merits by the state court unless the state court's decision (1) was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

To prevail on an ineffective-assistance claim, a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Failure to establish either deficient performance or prejudice defeats the claim. Id. at 697. To demonstrate deficiency, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

Bray first argues that his attorney failed to investigate his case and failed to interview witnesses who would have supported his claim of self-defense. Bray admits in his appeal brief that his attorney knew about these defense witnesses, that they were prepared to testify for the defense, and that they were available. In addition, the respondent argues that the performance of Bray's trial counsel was not deficient as the attorney filed various pretrial motions as part of his investigation and preparation of the case, in addition to hiring a private investigator.

Bray's conclusory assertions are insufficient to overcome the "strong presumption that counsel's representation falls within the wide range of

reasonable professional assistance," or that, under the circumstances, the challenged action "might be considered sound trial strategy." Id. at 689. The state court's rejection of Bray's ineffective assistance claim regarding his attorney's investigation of his case was not an unreasonable application of clearly established federal law, see Williams v. Taylor, 529 U.S. 362, 407-08 (2000), and the district court's denial of habeas relief on this basis is affirmed. See Beazley, 242 F.3d at 255.

Bray also contends that his attorney rendered ineffective assistance by failing to call three witnesses to support his theory of self-defense: Anthony Russaw, Sharon Keil, and Willie Charles Walker. Bray's claim is based on written statements from these three witnesses. Complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983). To prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). The petitioner must also show prejudice, i.e., a "'reasonable probability' that the uncalled witnesses would have made [a] difference to the result." Id. at 603.

Turning first to the written statement of Anthony Russaw, we note that the statement does support some aspects of Bray's version of the events. However, even if we were to find that Russaw's written statement contradicts the testimony of the witnesses at Bray's trial and supports Bray's own version of events, Bray cannot show prejudice. Under Texas law, self-defense is not justified where the actor "sought an explanation from or discussion with the other person concerning the actor's differences with the other person" while the actor was unlawfully carrying a handgun. TEX. PENAL CODE ANN. §§ 9.31(b)(5),

3

46.02. In the "Statement of Facts" contained in his appeal brief, Bray states the following:

> The defense theory and strategy [was] that [Bray] had acted in self defense. [Bray] had come to the apartment complex where Myers lived with the intentions of defusing this situation, because there were rumors circulating, that Myers was planning on doing a drive by shooting.

Bray does not argue that he was lawfully carrying the handgun that he used to shoot Myers. See id. §§ 46.02, 46.15. Based on Bray's statement that he confronted Myers "with the intentions of defusing this situation," it is clear that (1) Bray sought an explanation from or discussion with Myers and (2) that Bray was unlawfully carrying a handgun. See Fink v. State, 97 S.W.3d 739, 743 (Tex. App.—Austin 2003, pet. ref'd) (citing Bumguardner v. State, 963 S.W.2d 171, 175 (Tex. App.—Waco 1998, pet. ref'd). Thus, Bray is subject to the limitation on self-defense contained in TEX. PENAL CODE ANN. § 9.31(b)(5). See Fink, 97 S.W.3d at 743; see also Williams v. State, 35 S.W.3d 783, 785-86 (Tex. App.—Beaumont 2001, pet. ref'd) (holding that the defendant was not entitled to a self-defense jury instruction because the defendant's use of deadly force was not justified as a matter of law under § 9.31(b)(5)). Because Russaw's statement indicated that Bray's conduct fell within the scope of this statutory provision (the substance of which was set forth in the trial court's instructions to the jury), Bray cannot show a reasonable probability that Russaw's statement would have made a difference to the result in Bray's trial. See Alexander, 775 F.2d at 603. Accordingly, we affirm. See Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000) (holding that this court may affirm the denial of § 2254 relief on any basis supported by the record).

Bray also contends that his attorney was ineffective in failing to call Sharon Keil to testify. Bray submitted an affidavit from Keil, but the information in Keil's affidavit adds nothing to the evidence in the record. Bray cannot demonstrate that there is a reasonable probability that Keil's testimony

would have affected the outcome of his trial. Alexander, 775 F.2d at 603; see also Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984) (holding that counsel's decision not to present cumulative testimony did not constitute ineffective assistance).

Bray argues that his attorney was ineffective in failing to call Willie Charles Walker to testify, but the district court properly found that Bray failed to demonstrate that Walker was available and would have testified at trial. See Alexander, 775 F.2d at 602. In addition, like Russaw's statement, the statement from Walker supports the State's claim that Bray was not justified in acting as he did under Texas law. Id. at 603 (requiring showing of prejudice); see also Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Specifically, Walker's statement, like Russaw's, shows that Bray was illegally carrying a handgun on his person when he confronted Myers. See TEX. PENAL CODE ANN. §§ 9.31(b)(5), 46.02, 46.15. Accordingly, we affirm the district court's denial of this claim.[1]

AFFIRMED.

---

[1]Because we conclude that TEX. PENAL CODE ANN. § 9.31(b)(5) precludes a finding of prejudice under Strickland, we find that the district court did not abuse its discretion in refusing to hold an evidentiary hearing because it would not have developed material facts relevant to the constitutionality of Bray's conviction. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998).