**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dallas F. CLARK, Defendant–Appellant.**

**No. 88–8919**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 6, 1989.

marijuana in violation of 21 U.S.C. § 846, and for aiding and abetting in the distribution of nearly two pounds of marijuana in violation of 18 U.S.C. § 2, and 21 U.S.C. § 841(a)(1). He was acquitted on two other counts of aiding and abetting in the distribution of marijuana on two different dates. On March 7, 1989, Clark was sentenced to twelve months in prison and three years of supervised release thereafter.

Clark raises two issues on appeal. First, he challenges the sufficiency of the evidence upon which he was convicted. After a careful review of the record in this case, we find that Mr. Clark's conviction is supported by sufficient evidence.[1]

Second, Clark claims that the district court erred in finding that he played a managerial role in the criminal conduct for which he was convicted. On the basis of this finding, the district court increased Clark's base offense level by two levels pursuant to section 3B1.1(c) of the Sentencing Guidelines. Under 18 U.S.C. § 3742, we must apply a clearly erroneous standard of review to the district court's factual determination that Clark played a managerial role. *See United States v. Mejia–Orosco*, 867 F.2d 216, 220–22, *reh'g denied*, 868 F.2d 807 (5th Cir.1989). Our review of the record satisfies us that the district court was not clearly erroneous in finding that Clark was "an organizer, leader, manager, or supervisor" in the criminal activity for which he was convicted.[2] See the Com-

Paul W. Calhoun, Jr., Vidalia, Ga., for defendant-appellant.

Joseph D. Newman, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

Dallas F. Clark was convicted on November 15, 1988 for conspiring to distribute

---

**1.** The United States argued in its brief that since Clark did not make a Fed.R.Crim.P. 29 motion for acquittal after the government rested, Clark must prove not merely an insufficiency of evidence but a "manifest miscarriage of justice." *See, e.g., United States v. Ruwe*, 790 F.2d 845, 848 (11th Cir.1986). Since we find that Clark's conviction is supported by sufficient evidence, we need not consider this issue.

**2.** In making this determination the district judge made the following comments to which appellant takes exception:

The decision that I have to make is whether or not as a result of these events or transactions did he occupy a managerial role. In at least one transaction I can conclude, beyond any reasonable doubt, that he did[,] and with respect to the other transactions, the acquitted

counts[,] I can so conclude, at least by the preponderance of the evidence and it may be clear and convincing, but not beyond a reasonable doubt in those instances.

It is clear from the judge's statements that he considered Clark to have played a managerial role in the criminal conduct for which he was convicted. Indeed, the evidence upon which Clark was convicted under both counts related to his activities as supplier and decisionmaker in the scheme to distribute marijuana and in the actual distribution of nearly two pounds. This alone justifies the two level increase under section 3B1.1(c). Under these circumstances, it was unnecessary for the trial court to have considered the evidence relating to the counts on which Clark was acquitted. Under the facts of this case, as explained by the trial judge's comments, we need not consider the propriety

mentary to § 3B1.1(c), Application Note 3, for a list of factors relevant to this determination.

The judgement of the district court is AFFIRMED.

of taking into account evidence relating to counts for which a defendant was acquitted (or not charged) in determining whether that defen-

dant played a managerial role in the criminal activity for which he was convicted and sentenced.