**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**James E. QUERY, Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**James QUERY, Defendant–Appellant.**

**Nos. 90–8046, 90–8063**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 11, 1991.

**384**

John Lieb, Decatur, Ga., for defendant-appellant.

Candiss L. Howard, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JOHNSON, HATCHETT and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Appellant Query was indicted by a federal grand jury in two indictments returned on May 23, 1989. In the first, appellant and his co-defendant, Rafael Justiz, were charged with conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846; two counts of aiding and abetting in the use of the mails to facilitate a drug offense, 21 U.S.C. § 843(b), 18 U.S.C. § 2; and aiding and abetting possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2. The second indictment charged appellant and another co-defendant, Larry Ward, with conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 846; conspiracy to illegally transfer a weapon across state lines, 18 U.S.C. § 371; aiding and abetting possession with intent to distribute methamphetamine and marijuana, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2; illegally transferring a firearm across state lines, 18 U.S.C. § 922(a)(5); and two counts of aiding and abetting in the use of the mails to facilitate a drug offense, 21 U.S.C. § 843(b). On June 28, 1989, a superseding indictment was returned in the second case, additionally charging that appellant was a convicted felon in possession of a firearm, 18 U.S.C. § 922(g).

On October 2, 1989, appellant entered negotiated guilty pleas on all counts. Appellant was sentenced in both cases to a total of 324 months imprisonment, to be followed by terms of five years supervised release. Appellant raises numerous challenges to his sentence under the Sentencing Guidelines.

Appellant argues, first, that the district court erred in relying on inadmissible hearsay to resolve the disputed factual findings contained in the presentence report. He contends that because there was no evidence other than hearsay—testimony contained in presentence reports of a non-testifying co-conspirator—to support the court's findings as to the amount of drugs involved, Query's role in the scheme, his acceptance of responsibility, and his obstruction of justice, those findings are clearly erroneous. However, both the Sentencing Guidelines and case law from this circuit permit a district court to consider reliable hearsay evidence at sentencing. Guideline § 6A1.3 provides that a sentencing court may rely on "relevant information without regard to its admissibility un-

der the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." In *United States v. Castellanos*, 904 F.2d 1490 (11th Cir.1990), we held that under § 6A1.3, the court could consider any information, including reliable hearsay from the trial of a third party, so long as the defendant has "the opportunity to rebut the evidence or generally to cast doubt upon its reliability." *Id.* at 1496. Appellant was given an opportunity at his sentencing hearing to challenge the evidence against him. He has not shown that the hearsay statements considered by the court were unreliable. The findings of fact of the district court made in reliance on those statements, as discussed below, were not clearly erroneous.

■ Appellant also argues, on two related issues, that the district court incorrectly utilized 875 grams of methamphetamine—the subject of a state court conviction—in arriving at the base offense level. Appellant was convicted on state charges relating to the 875 grams of methamphetamine after he pled guilty to the federal charges; however, his state court sentence was *imposed* prior to his federal sentence. According to appellant, the state conviction should have been considered in assigning him a criminal history category, rather than as relevant conduct for purposes of determining the total amount of drugs involved in the case. The effect would be to lower Query's applicable guideline range.

For purposes of determining whether the acts of the defendant are "relevant conduct" under section 1B1.3(a)(2), the Guidelines include "all acts and omissions which were part of the same course of conduct or common plan or scheme as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The government contends that the methamphetamine was properly included as relevant conduct under § 1B1.3. The commentary that accompanies section 1B1.3 provides that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in the offense level if they were part of the same course of conduct or part of a common

scheme or plan as the count of conviction." U.S.S.G. § 1B1.3 comment. (backg'd); *see also United States v. Wilson*, 884 F.2d 1355, 1357 (11th Cir.1989) (because district court found crack involved in other shipments was part of same course of conduct as that for which appellant was convicted, court properly included it in calculating his base offense level).

Section 4A1.1 directs a sentencing court to calculate a defendant's criminal history category by referring to the number of prior sentences imposed for specified felony or misdemeanor convictions. A "prior sentence" is defined as "any sentence *previously* imposed upon adjudication of guilt ... *for conduct not part of the instant offense.*" U.S.S.G. § 4A1.2(a)(1) (emphasis added). Thus, although Query was convicted of the state charge after he pled guilty to the federal charge, his state court sentence was imposed prior to his federal sentence. The district court was required to consider the state sentence in determining appellant's criminal history category, unless the underlying conduct was part of or related to that underlying the federal conviction.

■ Cases are related for purposes of § 4A1.2 if they (1) occurred on a single occasion; (2) were part of a single common scheme or plan; or (3) were consolidated for trial or sentencing. *United States v. Jones*, 899 F.2d 1097, 1101 (11th Cir.1990) (quoting commentary following Guideline § 4A1.2). A district court's finding that two cases are related will not be overturned on appeal unless clearly erroneous. *Id.* at 1101.

Here, the drugs seized in the offenses in both cases were identical: the federal cases involved methamphetamine seized from the mail, and the state case involved methamphetamine seized from Query's car. The source in both cases was the same (a hidden methamphetamine laboratory in appellant's attic). The two seizures occurred within days of each other. The methamphetamine in the federal cases was possessed by Query; in the state case, the drugs were found in Query's car, in the possession of his common-law wife. In the

federal case, the drugs were sent by Query; in the state case, they were being moved at Query's direction. As conduct that was part of the instant offense, the acts underlying the state conviction were properly considered by the district court as relevant conduct rather than as a prior sentence. The district court's determination that the amount of methamphetamine involved was 1,121 grams, *i.e.*, that the 875 grams instead should be included as relevant conduct in the instant offenses, was not clearly erroneous.

■ Third, appellant argues that the district court erred in finding that he was an organizer or leader of a criminal scheme involving five or more participants. He asserts that no upward adjustment was warranted because the only evidence before the court was inadmissible hearsay. We rejected the hearsay argument above. Alternatively, he argues that the upward adjustment should have been two, rather than four, levels because the organization had less than five members.

Guideline § 3B1.1 requires a district court to increase a defendant's offense level by four points if he was an organizer or leader of a criminal activity involving five or more individuals. Although the section and accompanying commentary are silent on the question whether the defendant is included for purposes of counting members of the criminal activity, we need not decide whether appellant should be included in the organization for counting purposes. The evidence in the record clearly showed, even excluding Query, that the criminal activity involved more than five participants. The findings of fact of the district court concerning appellant's role in the offense were not clearly erroneous. *See United States v. Clark*, 889 F.2d 1056, 1057 (11th Cir. 1989).

■ Appellant next argues that the district court erred in failing to reduce his offense level to account for Query's acceptance of responsibility. Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the judge's determination under § 3E1.1 is entitled to great deference

and will not be disturbed unless clearly erroneous. *United States v. Jones*, 899 F.2d 1097, 1101 (11th Cir.1990).

We hold that the district court did not err in rejecting Query's contention that his guilty plea and cooperation with authorities established that he accepted responsibility for his actions. Defendant is not entitled to a reduction for acceptance of responsibility merely because he pled guilty. U.S.S.G. § 3E1.1, comment. (n. 3). Because appellant refused to acknowledge his full participation to the probation officer, made false statements to the investigating agent, declined to inform authorities of the methamphetamine lab in his attic, and continued his criminal activity after his arrest through communications to his common-law wife, he is not entitled to a reduction for acceptance of responsibility.

■ Appellant's fifth argument is that the district court erred in increasing his offense level for obstruction of justice. Again, he asserts that the court relied on inadmissible hearsay in making this adjustment. This argument was rejected above. He also contends that his actions do not fall within any of the established categories for obstruction of justice. The government responds that Query's false statements to a probation officer and his directions to his wife to transport and thereby conceal drugs and money after his arrest support a finding of obstruction of justice. We also note that the record reflects that Query modified his attic in an effort to conceal the methamphetamine lab hidden there.

Guideline § 3C1.1 requires a two point increase for obstruction of justice. Concealing evidence is one means of obstructing justice. *United States v. Cain*, 881 F.2d 980, 982 (11th Cir.1989) (quoting advisory committee notes to Guideline § 3C1.1). The district court's determination that appellant obstructed justice is subject to a clearly erroneous standard of review. *Id.* at 982. Because the evidence supports the decision of the district court, we affirm.

Finally, appellant challenges determination of his base offense level as an unreasonable departure from the applicable

Guideline range. He notes that he received a life sentence in state court for the 1,131 grams of methamphetamine that were used in calculating his base offense level here. He argues that "[t]he combined total of life plus base level offense for 1,131 grams is clearly outside any applicable guidelines in this case." He contends that the "upward departure" under Guideline § 5K2.0 was not supported by the record.

Appellant's argument is meritless. Under the guidelines, the sentencing court is required to determine a defendant's base offense level by considering the charged offense *and* any relevant conduct. U.S. S.G. §§ 2D1.1, 1B1.3. As discussed above, the district court properly could conclude that the methamphetamine seized from Query's car was relevant conduct for purposes of determining his base offense level. There is no indication that the court departed upward from the applicable guideline range that resulted from determination of Query's base offense level.

For the reasons stated above, the judgment of the district court is AFFIRMED.