[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11808
Non-Argument Calendar

_____

D. C. Docket No. 04-00210-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLANCY DALLAS NELSON,
a.k.a. Mouse,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(February 24, 2006)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Clancy Dallas Nelson appeals his 135-month sentence imposed after he pled

guilty to two counts: (1) possession of a listed chemical with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(1); and (2) possession with intent to distribute methamphetamine, in violation of § 841(a)(1). On appeal, Nelson argues that the base offense level was wrongly calculated based on the drug quantity attributed to him. He contends that the district court's estimate of the drug quantity was clearly erroneous because no reliable information existed to support the calculation, because: (1) the witness had no direct knowledge of the quantities of methamphetamine cooked by Nelson; (2) police did not corroborate the witness's statements in regard to Nelson; and (3) the statements of the witness, taken on two different occasions, were inconsistent as to the amount and weight of the drugs Nelson produced.

We review the drug quantity attributable to a defendant found by the district court for clear error. United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998). "Although sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, sentencing cannot be based on calculations of drug quantities that are merely speculative." Id. at 1359. "In estimating the quantity of drugs attributable to a defendant, a court may base its computation on evidence showing the average frequency and amount of a defendant's drug sales over a given period of time." United States v. Frazier, 89

F.3d 1501, 1506 (11th Cir. 1996). Additionally, "the court could consider any information, including reliable hearsay . . . so long as the defendant has 'the opportunity to rebut the evidence or generally to cast doubt upon its reliability.'" United States v. Query, 928 F.2d 383, 385 (11th Cir. 1991) (quoting United States v. Castellanos, 904 F.2d 1490, 1496 (11th Cir. 1990)).

Because there was sufficient reliable evidence for the district court to find that Nelson was responsible for 93.5 grams of methamphetamine, based on concrete instances of being given a definite amount of methamphetamine testified to by a co-defendant and the normal practices of drug dealers testified to by an officer, the district court did not clearly err in finding that Nelson's base offense level was 32.

Nelson next argues that the enhancement should not have been applied. He relies upon the comment to U.S.S.G. § 2D1.1.(b)(1), which states that the enhancement for possession of a dangerous weapon should not be applied if it was clearly improbable that the weapon was not connected with the offense, and here, the gun found during a traffic stop of his car was disassembled.

We review the application of the guidelines to a set of facts de novo, but the finding of facts themselves are reviewed for clear error, United States v. Lewis, 115 F.3d 1531, 1536 (11th Cir. 1997). Section § 2D1.1(b)(1) provides for a

3

two-level enhancement when the defendant possesses a firearm in furtherance of a drug crime. The commentary explains that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), cmt. n.3. We have held that:

> [o]nce the prosecution has shown by a preponderance of the evidence that the firearm was present at the site of the charged conduct, the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable. . . . Subsection 2D1.1(b)(1) itself does not require a connection between the offense and the firearm. It requires only that the firearm have been possessed by the defendant. The commentary, moreover, provides simply that "the adjustment should be applied if the weapon was present . . . ." If a weapon was present, the enhancement applies unless a connection was clearly improbable.

United States. v. Hall, 46 F.3d 62, 63-64 (11th Cir. 1995)(internal citations omitted). Further, we have held that "the firearm does not have to facilitate the underlying offense. . . . We know of no requirement that the firearms be loaded or operable to meet the 'in connection with' requirement." United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002).

Because Nelson failed to show that it was clearly improbable that the disassembled firearm found in his vehicle while he was carrying methamphetamine was connected to the drug offense, and we have held that a firearm does not have to be operable in order to be found to be used in connection with an offense, the district court did not err in giving him a two-level firearm enhancement.

4

Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Nelson's request for oral argument is denied.