[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2006
THOMAS K. KAHN
CLERK

No. 06-10841
Non-Argument Calendar

_____

D. C. Docket Nos.
02-00638-CV-T-N
99-00052-CR-T-N

CLINT GRIFFIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(October 25, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Clint Griffin, a federal prisoner proceeding *pro se*, challenges the district court's denial of his motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255. Griffin argues that both his trial and appellate counsel were ineffective for failing to appropriately challenge the drug quantity attributed to him by the sentencing court. He also asserts that the district court, in reviewing his § 2255 motion, erred in attributing an additional 125 grams of cocaine base to him when determining that he was not prejudiced by trial counsel's failure to object. Because Griffin cannot show under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct 2052, 2064, 80 L.Ed. 2d 674 (1984), that his trial and appellate counsel were constitutionally ineffective, we affirm the district court's denial of Griffin's § 2255 motion.

## BACKGROUND

Griffin was convicted in federal court of conspiracy to possess with intent to distribute cocaine and cocaine base, distribution of cocaine, and distribution of cocaine base. Griffin was sentenced to 151 months of imprisonment.

At trial, witness Calvin Massey testified that he bought 125 grams of what he believed was cocaine base from Griffin prior to the conspiracy. At sentencing, Griffin's trial counsel objected to the drug quantity attributed to Griffin. He argued that 65.67 grams of cocaine base should not be attributed because Griffin's co-

defendants were not convicted of these charges. The trial court overruled the objection based on the Sentencing Guidelines ("Guidelines") definition of relevant conduct. Including this amount in the totals, the sentencing court found 153.6 grams of cocaine base and 215.7 grams of powder cocaine attributable to Griffin. This gave Griffin a base offense level of 34, with a criminal history category of 1. The applicable Guidelines range was 151 to 188 months imprisonment. The court sentenced Griffin to the minimum term of 151 months.

On direct appeal, Griffin adopted the briefs and legal arguments of his co-defendants. In addition, he argued that motion for a mistrial should have been granted because the court admitted an incriminating extrajudicial statement made by a co-defendant, Patrick Howard, in violation of Griffin's Sixth Amendment right to confrontation. Griffin also argued that a prosecutor's comment during closing argument was prejudicial to the point of reversal. Appellate counsel failed to expressly argue the sentencing court's drug calculation was in error; however, by adopting the co-defendants' briefs, the issue was raised.

In an unpublished opinion, *United States v. Howard*, No 99-13258 (11th Cir. June 18, 2001), we affirmed Griffin's conviction and sentence. In the same opinion, we vacated co-defendant Howard's sentence finding that the district court erred in determining the drug quantity attributable to Howard's relevant conduct.

We did not expressly examine whether the record supported the drug quantity findings as they pertained to Griffin.

Griffin then filed a § 2255 motion and argued in his supporting memorandum of law that his Sixth Amendment right to effective assistance of counsel was violated by his trial and appellate counsel failure to challenge the drug quantity attributed to him for the purposes of sentencing. In response, the government argued that there was no performance deficiency because trial counsel did challenge the quantity. The government further argued that the *Strickland* standard of deficiency and prejudice had not been met. Griffin filed a reply in which he noted that, although trial counsel did object to the drug quantities attributed to him, counsel objected on different grounds than those used by this court to vacate his co-defendant's sentence. Further he argued that his appellate counsel was ineffective for failing to raise the successful argument on appeal.

A magistrate judge reviewed Griffin's § 2255 motion and made an independent calculation of the drug quantities attributable to Griffin. In doing so, she followed our opinion in *Howard* and reduced the amount attributable to Griffin. However the magistrate's review of the record found sufficient evidence of drug quantities to support a base level of 34. The magistrate recommended the denial of the § 2255 motion. Although Griffin objected to the report, the district

4

court overruled his objections and adopted the report.

We granted a certificate of appealability on the issue of "whether the district court erred by finding that the appellant's trial and appellate counsel were not ineffective under *Strickland* for failing challenge the sentencing court's determination of the quantity of drugs attributable to him for the purpose of sentencing."

## STANDARD OF REVIEW

We review "the district court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact *de novo*." *Michael v. Crosby*, 430 F.3d 1310, 1318 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 2025 (2006). "Whether a particular decision by counsel was a tactical one is a question of fact," while the reasonableness of a particular tactical decision is a question of law reviewed *de novo*. *Holsomback v. White,* 133 F.3d 1382, 1386-87 (11th Cir. 1998).

## DISCUSSION

Griffin argues that his trial and appellate counsel were ineffective for failing to challenge the drug quantity attributed to him. To demonstrate ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient and (2) that the same deficiency results in prejudice to the defendant. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. "Both showings are necessary for

5

any relief; failure to establish either is fatal and makes it unnecessary to consider the other." *Rutherford v. Crosby*, 385 F.3d 1300, 1308-09 (11th Cir. 2004). To satisfy the first prong, counsel's performance must fall "below an objective standard of reasonableness." *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000)(quoting *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 2473, 91 L.Ed.2d 144 (1986)). We evaluate the reasonableness from counsel's perspective at the time of the alleged error in light of all circumstances of the case. *See Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066. To establish prejudice, the defendant must show that but for his counsel's deficient performance the result of the proceedings would have been different. *Id.* at 694, 104 S. Ct. at 2068.

Griffin has not shown his appellate counsel's performance was deficient. Griffin argues that counsel was ineffective because he failed to challenge the drug quantities attributed to Griffin. Although appellate counsel did not expressly argue this issue, he did adopt the arguments of the co-defendants which included this issue, thereby raising the issue on appeal. Therefore, Griffin's ineffective assistance of counsel claim against his appellate counsel fails the first prong of the *Strickland* test.

Griffin's claim that trial counsel was ineffective similarly fails. While trial counsel did not object to the calculation of the base offense level on the same

6

grounds successful for Howard on appeal, he did object to the calculation on other grounds. It is not enough to show that there was an omission or that counsel could have done more; Griffin must show that this omission fell below the range of acceptable professional assistance. *See Chandler*, 218 F.3d. at 1313.

Nevertheless, assuming counsel was deficient, Griffin has not shown prejudice resulted. When the magistrate recalculated the sentencing range, Griffin still had a base level of 34 even given the benefit of our *Howard* opinion, because the district court attributed an additional 125 grams of cocaine base to Griffin based on Massey's trial testimony. The attribution of the 125 grams is a finding of fact reviewed for clear error. *See Michael*, 430 F.3d at 1318. While "sentencing cannot be based on calculations of drug quantities that are merely speculative," it "may be based on fair, accurate, and conservative estimates." *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998) (per curiam). In determining amounts, the court has wide discretion to consider relevant information provided that information has sufficient indicia of reliability and the defendant has the opportunity to challenge evidence against him. *United States v. Query,* 928 F.2d 383, 384-85 (11th Cir. 1991). The district court relied on Massey's testimony regarding the quantity and type of drug purchased from Griffin. It cannot be said that this was speculative evidence nor was the finding prejudiced by trial counsel's

7

failure to object.  Because there was sufficient evidence to support this finding, the district court did not clearly err.  This additional 125 grams of cocaine base supports the finding of a base offense level of 34 even if an objection based on relevant conduct had been successful.  Therefore, Griffin cannot show that a different outcome was possible had his trial counsel raised this specific argument. Because he is unable to show prejudice under the *Strickland* standard, this claim also fails.

Based on a review of the record and the parties' briefs, we discern no reversible error. Accordingly we affirm the district court's denial of Griffin's *pro se* § 2255 motion.

**AFFIRMED**.