[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2007
THOMAS K. KAHN
CLERK

No. 07-12305
Non-Argument Calendar

_____

D. C. Docket No. 05-00049-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT SAMUEL SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 5, 2007)

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Robert Samuel Smith appeals his twenty-one month prison sentence

imposed by the district court after he pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At the sentence hearing, the district court enhanced Smith's sentence based on hearsay evidence that the firearm Smith possessed was stolen.  Smith contends that the district court's use of the hearsay evidence to enhance his sentence violated his rights under the Confrontation Clause of the Sixth Amendment and that the district court erred in not making specific findings that the hearsay testimony was reliable.

As to the Confrontation Clause issue, Smith argues that the district court's use of hearsay testimony to enhance his sentence deprived him of the right to confront witnesses against him.  He urges us to apply the holding of Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004),  to sentence hearings.  We review de novo the district court's rulings as to the scope of a criminal defendant's rights under the Confrontation Clause.  United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005), cert. denied, 547 U.S. 1034 (2006).

In Cantellano, we addressed the question of whether the protections of the Confrontation Clause, as interpreted by Crawford, applied in non-capital sentence proceedings, and concluded that it did not.  430 F.3d at 1146 ("The right to confrontation is not a sentencing right.").  Accordingly, the district court did not violate Smith's right to confront witnesses under the Confrontation Clause when it

relied on hearsay evidence to enhance his sentence.

Smith also contends that the district court erred in making no explicit finding that the hearsay evidence was credible and reliable. Here, the absence of specific credibility findings by the district court does not require reversal. As we have explained elsewhere, "[w]hile it may be advisable and in some instances necessary for a district court to make distinct findings regarding the reliability of hearsay statements used at sentencing, the absence of such findings does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." United States v. Gordon, 231 F.3d 750, 761 (11th Cir. 2000). We have required specific factual findings as to credibility in situations where sufficient indicia of reliability are lacking, such as where the district court relies on contested hearsay statements made by a non-testifying co-conspirator, United States v. Lee, 68 F.3d 1267, 1275–76 (11th Cir. 1995); United States v. Query, 928 F.2d 383, 385–85 (11th Cir. 1991), or contested statements made by a five-year-old child to an investigator, United States v. Anderton, 136 F.3d 747 (11th Cir. 1998).

This case, however, does not present a contested issue of reliability. The hearsay evidence here consisted of testimony from an Alcohol, Tobacco, Firearms and Explosives agent about an investigation in which she participated. She

3

testified that the firearm was reported stolen and that the ATF had determined through its investigation that the firearm recovered from Smith matched the serial number of the stolen firearm. The agent's testimony was consistent with the factual statements in the PSR.

When asked by the district court at the sentence hearing whether he objected to the factual accuracy of the pre-sentence investigation report, Smith simply said "No, sir." Moreover, Smith presented no evidence to contradict the hearsay testimony of the ATF agent. Accordingly, because there is no issue as to the reliability of the hearsay evidence, we conclude that the district court did not err in failing to make specific findings as to the credibility of that evidence.

**AFFIRMED.**