[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14370
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00030-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL PITTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 7, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Randall Pitts appeals his 112-month total sentence imposed after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a stolen gun, in violation of 18 U.S.C. § 922(j). Pitts contends the district court erred in considering contested hearsay evidence in imposing a two-level enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2, without making specific findings as to the reliability of the evidence. After review, we affirm Pitts' sentence.

The district court did not err in enhancing Pitts' sentence under U.S.S.G. § 3C1.2 based on the Calhoun County Sheriff's Department report and Agent James Langley's testimony regarding its contents, regardless of its hearsay status. *United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005) (reviewing the district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error). "A sentencing court may consider any information, (including hearsay), regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *Id.*

The evidence had sufficient indicia of reliability to support its accuracy. *See* U.S.S.G. § 6A1.3(a) (stating, in resolving a dispute concerning a factor important to the sentencing determination, the court may consider "relevant information

without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicial of reliability to support its accuracy"). Agent Langley's testimony was based not only on his review of the report, but also on his conversations with law enforcement officers who were involved with the events that day, and the fact that he had been on all the roads about which he testified. Furthermore, Agent Langley's testimony, though more detailed than the PSI, was consistent with the undisputed facts in the PSI. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (stating the failure to object to allegations of fact in a PSI admits those facts for sentencing purposes). The PSI established deputies pursued Pitts for "a few hours," speeds during the chase reached over 100 miles per hour, and deputies were finally able to stop Pitts by setting up a roadblock. The PSI also established deputies tried to talk Pitts out of the car peacefully, but, instead of exiting the car when the deputies asked him to, Pitts sat for a minute and then fired his gun. Agent Langley's testimony added detail to this account from the PSI, but did not contradict any of the facts in the PSI.

Pitts also had an opportunity to rebut the hearsay evidence at the sentencing hearing, but he did not present any evidence that Agent Langley's testimony or the Calhoun County Sheriff's Department report were materially false or unreliable. *See United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010) (stating to

3

prevail on a challenge to a sentence based on the consideration of hearsay, a defendant must show the challenged evidence is materially false or unreliable and the challenged evidence actually served as the basis for the sentence).  Therefore, the court could rely on those statements.  *See United States v. Query*, 928 F.2d 383, 384-86 (11th Cir. 1991) (holding district court's findings of fact regarding hearsay statements of non-testifying co-conspirator were not clearly erroneous, where defendant had an opportunity to rebut the evidence against him at sentencing but failed to do so).

Pitts did not explicitly object to the sufficiency of the district court's findings regarding the reliability of any hearsay evidence introduced.  Accordingly, we review for plain error Pitts' claim the district court erred by failing to make explicit findings regarding the reliability of the hearsay evidence.  *See United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (stating an objection is not properly preserved if the statement is not clear enough to inform the district court of the legal basis for the objection addressing the clarity of an objection to the Sentencing Guidelines calculation).  The plain error standard requires the defendant to show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 818.

4

Even assuming, *arguendo*, the district court erred by not making explicit findings regarding the credibility of the hearsay evidence, any error did not affect Pitts' substantial rights or affect the fairness, integrity, or public reputation of the proceedings. *See id.* The reliability of the hearsay evidence was apparent from, and corroborated by, the record, and the court could have reached the same conclusion regarding the two-level enhancement for reckless endangerment during flight even without considering the hearsay evidence. *See* U.S.S.G. § 3C1.2 (providing for a two-level increase in offense level if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer").

**AFFIRMED.**