[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16312
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00516-RAL-AAS-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

TONY DONNELL MATHIS,
a.k.a. Don,
a.k.a. Toney Donnell Mathis,
a.k.a. Toney D. Mathis,

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 4, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Tony Mathis appeals his convictions and 162-month total sentence after being adjudicated guilty of possessing ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).  On appeal, Mathis argues that: (1) the district court abused its discretion by denying his motion for a mistrial based upon the prosecutor making improper remarks to the jury; and (2) his total sentence was procedurally unreasonable because the district court clearly erred by relying on hearsay testimony to determine his base offense level and guideline sentences.  After careful review, we affirm in part and remand in part.

We review a district court's denial of a mistrial for abuse of discretion. United States v. McGarity, 669 F.3d 1218, 1232 (11th Cir. 2012).  As we've acknowledged, a trial judge has discretion to grant a mistrial since he or she is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury.  United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007). Nevertheless, we review de novo an underlying claim of prosecutorial misconduct. United States v. Flanders, 752 F.3d 1317, 1332 (11th Cir. 2014).

We review for clear error a district court's findings of fact based on hearsay evidence made during sentencing as well as its determination of the drug quantity attributable to a defendant.  United States v. Query, 928 F.2d 383, 384-86 (11th Cir. 1991) (hearsay evidence); United States v. Almedina, 686 F.3d 1312, 1315

(11th Cir. 2012) (drug quantity).  We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted).

First, we are unpersuaded by the claim that the district court abused its discretion by denying his motion for a mistrial based upon improper remarks made by the prosecutor in closing argument.  "To find prosecutorial misconduct, a two-element test must be met: (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant."  United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998) (quotations omitted).  A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different.  Id. We make "this determination in the context of the entire trial and in light of any curative instruction."  Id. (quotation omitted).

"[B]ecause the statements of counsel are not evidence, the district court may rectify improper prosecutorial statements by instructing the jury that only the evidence in the case is to be considered."  United States v. Jacoby, 955 F.2d 1527, 1541 (11th Cir. 1992).  Furthermore, the jury is presumed to have followed any curative instruction.  Wilson, 149 F.3d at 1302.

Here, Mathis claims that the prosecutor's remarks in closing argument created an improper inference for the jury that Mathis spontaneously and voluntarily had admitted to possessing everything in the residence before law enforcement conducted a search. He points to the comments, among other things, that: (1) "[the officers] found . . . exactly what Mr. Mathis said they would find," and (2) "Sergeant Rindos didn't go into the house. She didn't see what was found. She was talking to Mr. Mathis. He told her about the gun, about the ballistics vest, and about security."

Even if we were to assume, arguendo, that the challenged remarks were improper, we conclude that they would not affect Mathis's substantial rights. For starters, the timing of his confession did not undermine the ability of the jury to rely on it for making a conviction. As the record reveals, there was no testimony that Mathis was improperly interrogated, or that his confession would have been different if it occurred either before or after the search. Furthermore, the substance of his confession was supported by a witness's contemporaneous testimony that "she just slept with Mr. Mathis in exchange for crack cocaine." The long and short of it is that we can discern precious little probative significance from the timing of his confession.

Moreover, the court's instructions to the jury effectively cured any inaccurate inferences that may be been caused by the prosecutor's remarks.

4

Following the government's closing argument, during which the defendant objected to the prosecutor's comments at issue, the court issued a "special" curative instruction to the jury, directing it that "there was absolutely no evidence proving that Mr. Mathis, the defendant, was questioned before the start of the search and the discovery of the items that were seized in the search" and instructing it to ignore any arguments supporting that conclusion. The district court also instructed the jury both at the beginning and end of trial that statements made by the attorneys during opening and closing remarks were not evidence and could not be considered in that way. In addition, during jury instructions, the district court told the jury to consider Mathis's confession with "caution and great care," emphasizing that it must determine how much weight to give it. A long line of our case precedent presumes that the jury follows the court's curative instructions; and Mathis has presented no evidence that it did not. Wilson, 149 F.3d at 1302. Inasmuch as any improper remarks by the prosecutor did not affect Mathis's substantial rights, we affirm the denial of his motion for a mistrial. Id. at 1301; McGarity, 669 F.3d at 1232.

We are also unpersuaded by Mathis's claim that his total sentence is procedurally unreasonable. In reviewing sentences for procedural reasonableness, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the

Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] "The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence." United States v. Dimitrovski, 782 F.3d 622, 628 (11th Cir. 2015). Notably, "[t]he principles and limits of sentencing accountability under [the relevant-conduct] guideline are not always the same as the principles and limits of criminal liability." U.S.S.G. § 1B1.3, comment. (n.1). Rather, in determining the base offense level under the relevant-conduct guideline, a court considers "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." Id. § 1B1.3(a)(1)(A).

"[A] court may rely on hearsay at sentencing, as long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." United

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998).   We have held, however, the hearsay need only bear a "minimal indicia of reliability."   United States v. Reme, 738 F.2d 1156, 1167 (11th Cir. 1984).   Furthermore, a court's failure to make explicit findings about the reliability of hearsay testimony does not require reversal when the reliability is apparent form the record.   United States v. Docampo, 573 F.3d 1091, 1098 (11th Cir. 2009).   If a defendant does not dispute facts in the presentence sentence report ("PSI"), he is deemed to have admitted them and is precluded from making "the argument that there was error in them." United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) (quotation omitted).

Here, the district court did not clearly err by finding Mathis responsible, as relevant conduct, for the one gram of crack cocaine purchased during the controlled buy by the confidential information ("CI").   Again, what is necessary to support the district court's sentencing decision regarding hearsay testimony is a "minimal indicia of reliability."   Reme, 738 F.2d at 1167.   At sentencing, Detective McKee testified about the standard practice of the force in searching a CI for money and/or narcotics before going to a controlled buy and after returning, and then discussed the CI's statement in a report by Detective McClintick that Mathis had sold the CI one gram of cocaine.   Mathis takes issue with the admission at sentencing of Detective McKee's testimony concerning Mathis's sale of the one gram of cocaine to the CI.   Importantly, however, Detective McClintick had

testified previously about the transaction, and his testimony was already on the record and available for the district court's consideration. In his earlier testimony, McClintick relayed that the officers had taken the CI to the house, that no one was at the house, the CI had waited for Mathis, that Mathis had arrived and had entered the house through the front door, that the CI had entered the house through the door to the west bedroom, and that the CI then had left the house through the same door. Detective McClintick said that when the CI came out, he had one gram of crack cocaine, and had reported that he had purchased five pieces of crack cocaine from Mathis inside the west bedroom. As a result, McKee's testimony about the CI's transaction was corroborated by the testimony of Detective McClintick, and considering it all together, there was a sufficient indicia of reliability for the district court to find, by a preponderance of the evidence, that Mathis was responsible, as relevant conduct, for the one gram of cocaine either directly or by aiding and abetting the transaction with the CI. Dimitrovski, 782 F.3d at 628; see also U.S.S.G. § 1B1.3(a)(1)(A). We can discern no clear error in the district court's fact finding.

Furthermore, while the district court did not make explicitly clear its findings of fact as to the credibility of the testimony, the evidence was challenged by Mathis through an objection and on cross-examination, and was subsequently weighed by the court. Anderton, 136 F.3d at 751. We, therefore, infer that the

court found the testimony of the officers to be reliable based on the record.  See Docampo, 573 F.3d at 1098.  As for Mathis's argument about the quantity of the drugs, he did not object to it in the PSI.  As a result, the drug quantity is deemed admitted, and Mathis is precluded from making any argument on appeal about it. Beckles, 565 F.3d at 832.  For the foregoing reasons, we hold that Mathis's total sentence was procedurally reasonable because the district court did not select a sentence based on clearly erroneous facts.  Gall, 552 U.S. at 51.

While we affirm the substantive issues raised in Mathis's appeal, we note that the judgment below incorrectly provides that Mathis was convicted of being a felon in possession of a firearm (instead of possession of ammunition) and possession of cocaine with intent to distribute (instead of possession of cocaine base with intent to distribute).  We "may remand with instructions to correct a clerical error in the judgment."  United States v. James, 642 F.3d 1333, 1343 (11th Cir. 2011).  Accordingly, we affirm in part, and vacate in part and remand with instructions to correct the clerical errors in the judgment.  Id.

**AFFIRMED IN PART AND REMANDED IN PART**.