[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10189
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00588-ACA-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIA HOLLIS MEYERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 23, 2020)

Before ROSENBAUM, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Julia Meyers appeals her 30-month total sentence for wire fraud and bank fraud.  A federal grand jury charged Meyers with 11 counts of wire fraud, in violation of 18 U.S.C. § 1343, and six counts of bank fraud, in violation of 18 U.S.C. § 1344.  Pursuant to a written plea agreement, she pleaded guilty to one count of wire fraud and one count of bank fraud in exchange for dismissal of the other 15 counts.  As relevant here, in the plea agreement, the government agreed to recommend that Meyers receive an offense-level reduction for acceptance of responsibility.  Meyers acknowledged that, "should [she] say or do something that [was] inconsistent with acceptance of responsibility," the government would be released from its obligation regarding sentencing recommendations and instead could make any recommendation it deemed appropriate in its sole discretion.

At the sentencing hearing, the government stated that, although it had planned to recommend a 21-month sentence consistent with its sentencing memorandum, it had received an anonymous email on the morning of sentencing purportedly sent by "current and former employees" of Meyers's former employer, Hibbett Sporting Goods.  The source claimed to have evidence obtained from Hibbett's corporate office that would exonerate Meyers as proof that she "did not knowingly circumvent funds from Hibbett to her personal accounts."  It included personal information such as Meyers's bank account information and password, her mobile phone passcode and hotspot password, her home internet router names

2

and passwords, and her Hibbett lease management system and financial system login information. It also contained sealed information pertaining to Meyers's PSI, including the date of her interview and name of the probation officer who prepared the report. Additionally, the email's source purported to have 43 letters from American Insurance Company—three of which were undated and attached to the email bearing a letterhead with a P.O Box address matching an address that Meyers had used to commit the fraud—referencing disbursements to Meyers in amounts that coincided with the amounts identified in the indictment.

Meyers objected to the entry of the email as hearsay testimony, which the court overruled. The government then contended that Meyers (or someone on her behalf) had sent the email, and as such, that the email was a violation of the plea agreement's provision that prohibited Meyers from engaging in conduct that was inconsistent with acceptance of responsibility. Therefore, the government stated that it was no longer bound by the plea agreement's recommendation clause and recommended that the court remove Meyers's credit for acceptance of responsibility. Under the new calculation, the government recommended—and the court ordered—that Meyers be sentenced to 30 months' imprisonment.

On appeal, Meyers asserts that her sentence is procedurally unreasonable because the district court considered unreliable hearsay evidence in determining that she did not accept responsibility for her offenses. She also argues that the

government breached the plea agreement by not recommending that the court apply acceptance-of-responsibility reductions to her offense level. After careful review, we affirm.

## I

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing a sentence for reasonableness, we first consider whether the district court committed any significant procedural error. *Id.* at 51. A sentence is procedurally unreasonable if a district court commits an error "such as failing to calculate (or improperly calculating) the Guidelines range" or "selecting a sentence based on clearly erroneous facts." *Id.*

We review a district court's factual findings for clear error and application of the Sentencing Guidelines to those facts *de novo*. *United States v. Whatley*, 719 F.3d 1206, 1214 (11th Cir. 2013). Clear error review is deferential, and we "will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010) (quotation omitted). To prevail on a challenge to the sentencing court's consideration of hearsay evidence, "a defendant must show (1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis for the sentence." *Id.* at 1269.

4

The district court has discretion to consider relevant information at sentencing "without regard to its admissibility under the rules of evidence applicable at trial." U.S.S.G. § 6A1.3(a). Thus, the court can rely on hearsay evidence during sentencing so long as the evidence has sufficient indicia of reliability to support its probable accuracy, and provided that the defendant has "the opportunity to rebut the evidence or generally to cast doubt upon its reliability." *United States v. Query*, 928 F.2d 383, 384–85 (11th Cir. 1991) (quotation omitted); *see also United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001) (holding the district court properly considered hearsay at sentencing where both parties had an opportunity to submit arguments to the court before ruling). Moreover, as we recently clarified, the Sentencing Guidelines permit the use of hearsay testimony that would otherwise be inadmissible so long as the overall record, not just the hearsay testimony itself, provides sufficient indicia of reliability. *United States v. Baptiste*, 935 F.3d 1304, 1308 (11th Cir. 2019), *cert. denied*, No. 19-7988, 2020 WL 2105586 (U.S. May 4, 2020). The sentencing court's failure to make explicit reliability findings does not require reversal where the hearsay's reliability is apparent from the record. *Id.* at 1316.

Here, district court didn't clearly err in considering an anonymous email containing information pertinent to the offense conduct as reliable hearsay testimony of Meyers's non-acceptance of guilt during her sentencing hearing

5

because the overall record provided sufficient indicia of reliability that she was responsible for it. Although the court didn't make an explicit finding that Meyers was the e-mail's author, it stated there were "adequate grounds" to find that she was responsible for it and, therefore, had not accepted responsibility. The court's implicit finding is sufficient because Meyers is the only person who could have known, or had access to, all the information included in the e-mail and attached letters. *See id.* at 1316 ("[W]here the record and the circumstances of the case demonstrate adequate indicia of reliability, findings are not strictly necessary." (quotation omitted)).

Furthermore, Meyers had an opportunity to rebut and cast doubt on the anonymous email's reliability. The court afforded Meyers's counsel an opportunity to respond to the evidence at the hearing and asked Meyers if she was the e-mail's source. *See Zlatogur*, 271 F.3d at 1031 (holding that the district court properly considered hearsay evidence at sentencing where both parties had an opportunity to submit arguments to the court before ruling). Although Meyers argues that the government should have moved for a continuance to allow her time to rebut the evidence, Meyers did not request a continuance in order to prepare an adequate rebuttal. *See United States v. Giltner*, 889 F.2d 1004, 1008 (11th Cir. 1989) (finding no error where the defendant did not request a continuance to prepare a rebuttal to hearsay information provided by the government). The email

6

was addressed to both the government and Meyers's counsel, and the parties had an equal amount of time to prepare for its possible introduction at sentencing.

## II

Whether the government has breached a plea agreement is reviewed *de novo*. *United States v. Rothstein*, 939 F.3d 1286, 1290 (11th Cir. 2019), *cert. denied*, No. 19-1072, 2020 WL 1668358 (U.S. April 6, 2020). However, where a defendant has failed to raise the issue before the district court, we review only for plain error. *Puckett v. United States*, 556 U.S. 129, 133–35 (2009).

Plea agreements are like contracts and are interpreted in accord with what the parties intended. *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). Therefore, the government is bound to any material promises made to induce the defendant to plead guilty. *United States v. Thomas*, 487 F.3d 1358,1360 (11th Cir. 2007). However, a plea agreement does not preclude the government from disclosing relevant information to the sentencing court so long as it does not expressly violate any of its obligations under the agreement. *United States v. Horsfall*, 552 F.3d 1275, 1282–83 (11th Cir. 2008); *see also United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992).

To evaluate whether the government breached a plea agreement, we must determine the scope of the government's promises and ask whether the government's conduct was inconsistent with the defendant's reasonable

7

understanding when she entered her guilty plea. *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015). A plea agreement's unambiguous meaning controls. *United States v. Copeland*, 381 F.3d 1101, 1106 (11th Cir. 2004). The language of the agreement is given its ordinary and natural meaning, absent some indication that the parties intended otherwise. *See Rubbo*, 396 F.3d at 1334–35.

Here, the government didn't breach the plea agreement. Based on the agreement's unambiguous terms, the government's obligation to recommend an offense-level reduction for acceptance of responsibility was released when the district court implicitly found that Meyers was the email's source and, therefore, that she had acted inconsistently with acceptance of responsibility.

**AFFIRMED.**